IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREW PETE, #02889165 § | |
|     PETITIONER, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-1849-B-BK |
| § | |
| DIRECTOR, TDCJ-CID,[1] § | |
|     RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Andrew Pete's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[2]

**I. BACKGROUND**

A jury found Pete guilty of three counts of aggravated sexual assault of child and, on November 15, 2017, the trial court assessed punishment at eight years' imprisonment for each

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of the petitioner. Because Petitioner challenges convictions that have resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him. Petitioner's interim confinement at the Harris County Jail on a county bench warrant does not alter his custody status. *See* TDCJ #02169637. The TDCJ-CID Director is therefore substituted as respondent in this case. Petitioner may object to this substitution within 14 days after being served with a copy of this recommendation. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

offense, to be served concurrently, pursuant to a plea agreement.  *State v. Pete*, Nos. F1233559, F1233560, F1233561 (292nd District Court, Dallas Cnty., Nov. 15, 2017).[3]  Pete did not timely appeal his convictions but filed motions for an out-of-time appeal on May 3, 2018, which the trial court denied for lack of jurisdiction.  On May 17, 2018, Pete filed notices of appeal, which the Fifth District Court of Appeals dismissed for want of jurisdiction.  *Pete v. State* , Nos. 05-18-00573-CR, 05-18-00574-CR, 5-18-00575-CR, 2018 WL 3062507, at *1 (Tex. App—Dallas June 21, 2018, no pet.).

On November 13, 2018, Pete unsuccessfully sought state habeas relief under Texas Code of Criminal Procedure Article 11.07.  *Ex parte Pete*, Nos. WR-89,935-01, -02, -03 (Tex. Crim. App. Nov. 25, 2020) (denying state habeas relief).  On June 11, 2019, he attempted to petition the Texas Court of Criminal Appeals ("TCCA") for writ of mandamus compelling the trial court to rule on his state applications, but the TCCA denied him leave to file.  *Ex parte Pete*, Nos. WR-89,935-04, -05, -06 (Tex. Crim. App. Feb. 10, 2021).[4]

Finally, on August 3, 2021, Pete filed his federal habeas petition in the instant case, challenging his convictions.  Doc. 1 at 1.  He asserts ineffective assistance of counsel, prosecutorial misconduct, and due process violations during the state habeas proceedings.  Doc. 1 at 5-10.

---

[3] The state trial court's docket sheets are available by entering the case number (F1233559, F1233560 or F1233561) at https://www.dallascounty.org/services/public-access.php (last accessed on Feb. 14, 2022).

[4] The Court obtained an electronic copy of the state habeas records from the TCCA.  The state habeas records and docket sheets are also available by entering the case number (W1233559A, W1233560A or W1233561A) at https://www.dallascounty.org/services/public-access.php (last accessed on Feb. 14, 2022).  The TCCA's docket sheets are available by entering the case number at https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed on Feb. 14, 2022).

As his federal petition appeared untimely, the Court directed Pete to respond regarding the application of the one-year limitations period, which he has since done. Doc. 10. However in his response, Pete focuses on his substantive claims rather than the timeliness of his federal petition. That notwithstanding, having now reviewed all applicable pleadings, the Court concludes that Pete's federal habeas petition was filed well after the expiration of the one-year limitations period. And because no exception applies, it should be dismissed as time barred.

## II. ANALYSIS

### A. One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Pete does not allege any facts that could trigger a starting date under § 2244(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A) ("The limitations period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"). In addition, the one-year period is statutorily tolled for the time that a properly filed application for state collateral relief is pending. 28 U.S.C. § 2244(d)(2).

Pete was sentenced on November 15, 2017, and his notice of appeal was due 30 days later. *See* TEX. R. APP. P. 26.2(a)(1). On May 3, 2018, over four months later, he unsuccessfully filed motions for an out-of-time appeal and his ensuing appeals were dismissed for lack of jurisdiction. *Pete v. State*, 2018 WL 3062507. Pete's state convictions therefore became final for purposes of § 2244(d)(1)(A) on December 15, 2017, by the expiration of the 30-day period

for filing a timely notice of appeal from the November 15, 2017 judgments.  *Cf. United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (where the notice of appeal was untimely, the judgment became final when the time to appeal expired); *English v. Davis*, 3:17-CV-1134-C-BH, 2017 WL 3485389, at *2 (N.D. Tex. June 29, 2017), *R. & R. adopted*, 2017 WL 3493141, at *1 (N.D. Tex. Aug. 14, 2017) (same); *see also Gonzales v. Stephens*, 4:14-CV-017-O, 2014 WL 6879047, at *2–3 (N.D. Tex. Dec. 5, 2014) (dismissal of untimely direct appeal for lack of jurisdiction did not count in determining finality of conviction under § 2244(d)(1)(A)).  Thus, Pete's federal petition was due on or before December 15, 2018, absent any applicable tolling.

Pete's state habeas applications pended for 770 days—from their filing on October 17, 2018[5] through their denial on November 25, 2020.  28 U.S.C. § 2244(d)(2).  The pendency of those applications extended the one-year period to Saturday January 23, 2021 (effectively, Monday, January 25, 2021).  *See* FED. R. CIV. P. 6(a).  However, tolling was unavailable during the pendency of Pete's mandamus petitions.  *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002) (mandamus petitions are not considered an application for post-conviction or other collateral relief for purposes of section 2244(d)(2)'s tolling provision).  Consequently, the petition *sub judice*, filed on August 3, 2021, is clearly outside the one-year limitations period.[6]

---

[5] The applications are deemed filed on October 17, 2018, the date on which Pete indicated they were signed and, therefore, likely they were also handed to prison officials for mailing.  *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas applications).

[6] Pete does not benefit from the mailbox rule because he concedes his federal petition was hand delivered to the court.  DOC. 2 at 24.  *See* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (the "mailbox rule" applies when inmates use the prison's internal mailing system).

## B. Equitable Tolling

Pete's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* Notably, "the extraordinary circumstances . . . must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quotations and quoted case omitted). Moreover, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). It is well established that unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("Equity is not intended for those who sleep on their rights." (quotation and quoted case omitted)).

Furthermore, this is not a case in which Pete pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). Contrary to his allegations, Pete did no diligently seek habeas relief. Doc. 1 at 13-14. He waited over ten months from the date his convictions became final to file his state habeas applications, and delayed an additional eight months after his state applications were denied before filing his federal petition. These extended periods of inactivity clearly indicate a lack of due diligence. And Pete's pleadings are completely silent about the reason for these delays. Doc. 1 at 14; Doc. 10. As previously noted, unexplained delays or delays of the petitioner's own making do not establish either due diligence or rare and extraordinary circumstances.

Pete argues that state officials "impede[d] relief" by delaying the resolution of his state applications for over two years. Doc. 1 at 14; *see also* Doc. 2 at 9. But that two-year period properly tolled the one-year statute of limitations under § 2244(d)(2) as discussed above. Thus, it does not rise to an extraordinary circumstance warranting equitable tolling.

Likewise, Pete's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Consequently, Pete has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III.  CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on February 22, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).